## HENRY C. MEYER
### v.
## HUSE, GOODELL & Co.

*Judgments — Reversal—Nominal Damages — Written Contract — Construction of—Instructions.*

This court will not reverse a judgment merely for the purpose of permitting the recovery of nominal damages.

[Opinion filed February 14, 1890.]

IN ERROR to the Circuit Court of Cass County; the Hon. L. LACEY, Judge, presiding.

Messrs. HEWITT & THACKER, and MORRISON & WHITLOCK for plaintiff in error.

Messrs. MILLS & McCLURE, for defendants in error.

WALL, J. This was an action of covenant. The alleged breach was the failure to build and maintain a dam of earth, six feet high, in the lowest depression of the ground on which it was to be constructed. The case was tried by jury, resulting in a verdict and judgment thereon for defendants. The evidence was conflicting in reference to the height of the dam

in the lowest place, but there was enough on behalf of defendants to warrant a finding for them in this respect. The real controversy is whether, conceding it was six feet high, it was constructed according to contract, of earth.

It appears that a flood-gate or board, one foot high, was put in at the place in dispute, and that, according to defendants' evidence, the dam was five and one-half feet high to the bottom of this flood-gate, as it was originally constructed, and that subsequently earth was thrown in front of the flood-gate until practically on a level with the top of the same. The evidence also tended to show that the flood-gate was water tight before the earth was filled in against it; that the purpose of it was to let off the surplus water, and thus protect the dam while it was green, and that it had not been lifted for three or four years before suit was brought. And there was evidence tending to prove that the plaintiff had suffered no damage by reason of the manner of the construction of the dam.

It is urged the court erred in refusing to instruct the jury that if the dam was not constructed according to contract the plaintiff was entitled to a recovery. The court did so instruct in general terms, but refused to advise the jury that if the earthwork was only five and one-half feet high, and the flood-gate placed above it, the contract was not complied with.

There are some technical objections to the form and terms of the instructions asked by the plaintiff on this point, which perhaps would justify their refusal, but the court evidently took the view that if there was no damage caused by the use of the wooden flood-gate in the first instance, and if it was then made water-tight and afterward filled in with earth so that the object and purpose of a dam six feet high was accomplished, then the plaintiff could not recover, and so instructed at the instance of the defendants. The court was careful, however, to insert, as a condition of such non-liability, that no damage had been done by reason of such construction. The position of plaintiff is, that as the contract called for a dam of earth, nothing else—though as good for all purposes —will answer, and that for such failure nominal damages, at least, will be recoverable.

It is not probable the jury were misled by these instructions to find for defendants if there was any real or substantial damages caused by their non-compliance with the contract, but they perhaps did understand that if there was no such damage, even though the letter of the undertaking was not fulfilled, there should be no recovery; and thus the idea of nominal damages merely was not presented, if not wholly excluded. To this extent only, if at all in this respect, were the instructions erroneous.

But it is well settled that a judgment will not be reversed merely to permit nominal damages to be recovered, and when this evidence is all considered and it is remembered that the case had been tried twice—the first jury not being able to agree, and the second finding for the defendants—we are not impressed with the belief that the ends of justice require us to reverse the case for this error, if error it is.

- Counsel urge, however, that the instructions given for defendants were faulty, because one of them contained this expression : " And if the jury further believe that earth was thrown against the wooden portion of said dam in such a quantity as to make the same substantially a dam of earth," etc., and another the following: " And that the dam as constructed was sufficient to hold water and prevent the same from passing through, and was of the requisite height." It is argued that the court thereby left the construction of the contract to the jury. We think the objection untenable.

By these expressions, in connection with the context, the court construed the contract, and left the jury to find as a fact whether the dam, as completed, was substantially of earth and of the height required, which, of course, was six feet. The judgment will be affirmed.

*Judgment affirmed.*